IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MARK ANTHONY MAYE,

      Plaintiff,

      -vs-                                                                                      No. CV 01-1170 LH/WDS

UNITED STATE IMMIGRATION &
NATURALIZATION SERVICE, JANET RENO,
UNITED STATES ATTORNEY DORIS MEISNER,
COMMISSIONER U.S.I.N.S., RICHARD CRAVENER,
& DISTRICT DIRECTOR U.S.I.N.S.,

      Defendants.


## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or, in the Alternative, for a Change of Venue Pursuant to 28 U.S.C. § 1402(b) (Docket No. 28), filed October 29, 2002. The Court, having considered the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully informed, finds that Defendants' Motion is well taken in part and will be **granted in part**.

Plaintiff brings suit under the Federal Tort Claims Act (FTCA) against the United States Immigration and Naturalization Service (INS) and Attorney General Janet Reno, INS Commissioner Doris Meisner, and INS District Director Richard Cravener, in their individual and official capacities. (Pl's. First Am. Compl. Damages Under Federal Tort Claims Act ¶¶ 1, 2.) His claims arise from his detention by the INS from September 8, 1996, to October 7, 1998. He alleges that he was "wrongfully and negligently detained in custody without lawful authority[,] . . . kept . . . in unclean

and unsafe conditions[,] . . . transferred to three different jails without any hearing[,] . . . [not] provid[ed] adequate medical treatment and care[,] . . . forced . . . to endure sixteen months without ever seeing the outside of the jail . . . [or] even one hour of daylight[,] . . . [not] deport[ed] or releas[ed] in the time period allowed by law[,] . . . prevented from the relationships with his family[,] . . . [not] provide[d] the basic necessities of living[,] . . . [and] placed . . . in fear for his life and safety." (*Id.* ¶¶ 7-16.) Defendants move to dismiss for lack of subject matter jurisdiction on grounds that Plaintiff has not named the proper parties as defendants and has failed to exhaust his administrative remedies under the FTCA. In the alternative, Defendants move to change venue.

Preliminarily, the Court notes that

> [w]hen reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's references to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

*Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)(citations omitted).

> . . . .
> . . . The focus of the inquiry is not merely on whether the merits and the jurisdictional issue arise under the same statute[, but r]ather, the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.

*Pringle v. United States*, 208 F.3d 1220, 1222-23 (10th Cir. 2000)(citing *Wheeler v. Hurdman*, 825 F.2d 259 (10th Cir. 1987)). The parties do not contend that the jurisdictional questions are

intertwined with the merits of this case, and the Court agrees.  Therefore, Defendants' Motion is decided pursuant to FED. R. CIV. P. 12(b)(1), with the Court considering evidence outside the pleadings and resolving factual disputes without converting the Motion to a Rule 56 motion.  *See Holt*, 46 F.3d at 1003; *see also Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324-25 & n.2 (10th Cir. 2002).

Absent its consent, the United States is immune from suit, "and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hart v. Dep't of Labor*, 116 F.3d 1338, 1340 (10th Cir. 1997)(quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations omitted)).  Pursuant to the FTCA, the United States has waived its sovereign immunity with respect to tort claims, *see* 28 U.S.C. § 2674, and the Act provides the exclusive remedy for a federal employee's tortious acts committed within the scope of his or her employment, *see* 28 U.S.C. § 2679.  *See, e.g., Roman v. Townsend,* 224 F.3d 24, 27 (1st Cir. 2000).  As a waiver of immunity, the FTCA must be strictly construed, and the courts are without authority to waive its jurisdictional prerequisites to suit.  *Hart*, 116 F.3d at 1340.

"The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990)(citing 28 U.S.C. § 2679).  Failure to name the United States as the defendant, then, results in a "fatal lack of jurisdiction."  *Id.*; *see also Wexler v. Merit Sys. Prot. Bd.*, No. 92-1194, 1993 WL 53548 at *2 (10th Cir. Feb. 17, 1993)("Under the FTCA, only the United States is a proper

defendant, and failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction.").

Plaintiff argues that his error in failing to name the United States as the only defendant in this case may be remedied by substitution of the United States:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the Provisions of the title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). Without citing any authority, Plaintiff maintains that by representing the individual Defendants in this matter, the Attorney General has certified that the named employees were acting within the scope of their office or employment, so that this case must now be deemed to be against the United States, and the United States must be substituted as the party defendant.

The Attorney General, in fact, has made no certification; to date, Defendants have done no more than challenge the jurisdiction of the Court to proceed. Indeed, it is questionable whether certification even would be appropriate, as Plaintiff has named only a federal agency and federal officials as Defendants, not the actual federal employees who allegedly negligently or wrongfully caused his injuries during his incarceration.

The waiver of immunity by the United States under the FTCA also is conditioned upon exhaustion by a plaintiff of certain administrative remedies:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have*

>*first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a)(emphasis added).  Additionally,

> A tort claim against the United States shall be *forever barred unless* it is *presented in writing to the appropriate Federal agency within two years after such claim accrues* or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b)(emphasis added).  Citing a complete lack of evidence in its records that Plaintiff ever filed an administrative claim with the INS, much less a timely one, Defendants move for dismissal for failure to exhaust administrative remedies.

The law is clear that "[p]roper presentation of [an] administrative claim is a jurisdictional prerequisite to suit, one which the courts have no authority to waive." *Hart*, 116 F.3d at 1339 (citing *Indus. Constructors Corp. v. United States*, 15 F.3d 963, 967 (10th Cir. 1994)).  To be "properly presented," within two years of its accrual the claim

> must be presented to the appropriate federal agency by filing "an executed *Standard Form 95* or *other written notification* of an incident, accompanied by a *claim for money damages in sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[,]" 28 C.F.R. § 14.2[,]

*Id.* at 1340 (emphasis added)(citing 28 U.S.C. § 2401(b)).

Inexplicably and in the face of Defendants' overwhelming evidence to the contrary, Plaintiff asserts that his attorney "did in fact present a *written complaint* to the INS through Howard Rose Special Assistant United States Attorney on January 14, 2002 [sic], as evidenced by the attached return receipt.  (Exhibit A)." (Pl's. Resp. Defs.' Mot. Dismiss at 1 (emphasis added).)  Plaintiff also

5

states that "[a]nother *written notification* was served on Mr. Rose on August 23, 2000 requesting a response," and that he "did what he could in order to abide by the administrative remedies." (*Id.* at 2 (emphasis added).)  Significantly, the only evidence Plaintiff tenders in support of these assertions are two United States Postal Service return receipts, not copies of a completed Standard Form 95 or of any writing whatsoever or even an affidavit attesting to the contents of any writings.

Plaintiff has failed utterly to meet his burden of showing even minimal compliance with the FTCA requirement that he file an administrative claim.  *See Livera v. First Nat'l Bank of N.J.*, 879 F.3d 1186, 1194-95 (3d Cir. 1989)(plaintiff failed to carry burden of establishing even rudiments of FTCA administrative claim were filed; court remains steadfast to strict application of filing requirements; court complaint failed to state damages is sum certain); *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir. 1976)(obligation to prove administrative claim rested on plaintiff, not on defendant; was essential part of case; presence in case is jurisdictional).

Defendants, on the other hand, provide the sworn affidavit of an INS Paralegal Specialist, whose duties include the review and processing of FTCA administrative claims, that as of Oct. 18, 2000, "no administrative claim has ever been made under the Federal Tort Claims Act against the United States Immigration and Naturalization Service in the Central Region, by Mark Anthony Maye."  (Affirmation Supp. Defs.' Mot. Dismiss Ex. A.)  They also present the sworn declaration of Special Assistant United States Attorney (SUSA) Rose that any written communications sent to him by Plaintiff's counsel in 2000 pertained only "to a civil rights case that Plaintiff filed in the United States District Court for the Southern District of Texas on October 5, 2000," and that Plaintiff's counsel "never submitted any writing to me in which Plaintiff indicated an intent to file a FTCA administrative claim or that could be construed as a FTCA administrative claim."  (Supplemental

6

Affirmation Supp. Defs.' Mot. Dismiss Ex. E ¶ 4.)  SUSA Rose further expressly represents "that neither Plaintiff nor his counsel ever raised the prospect of a FTCA action with me, but instead communicated only about Plaintiff's Civil Rights Case."  (*Id.* n.2.)  The Court also takes judicial notice that the District Court for the Southern District of Texas found in its Memorandum and Order of August 29, 2001, dismissing Plaintiff's civil rights action against the same federal defendants named in this case, among others, and involving the same period of incarceration by the INS, that "plaintiff [has not] shown that he has exhausted his administrative remedies as required to proceed under [the FTCA]."  (*Id.* Ex. H at 4 n.2.)  And finally, there is the written statement of Plaintiff's attorney herself to Defendants' counsel: "Realizing it would be an effort in futility to file administratively, Mr. Maye did not file through administrative avenues."  (*Id.* Ex. D.)

In the face of this evidence, the Court can only find that Plaintiff did not file a Standard Form 95 or any other writing sufficient to qualify as an administrative claim as required under the FTCA; that this Court therefore lacks jurisdiction to hear this matter; and that it Plaintiff's case must be dismissed.  Even if the Court were to assume that there was some writing, Plaintiff has failed to show that he gave sufficient notice of the "sum certain" amount of the recovery sought, a topic on which even his First Amended Complaint is silent.  *Cf. Cizek v. United States*, 953 F.2d 1232, 1234 (10th Cir.1992)(claim properly dismissed for lack of subject jurisdiction where plaintiff did not present claim containing statement of sum certain of damages sought, which would have allowed government to make even a reasonable estimate of value of claim, until after limitations period had run; filing of suit does not constitute adequate notice to federal agency).  Additionally, "[a] plaintiff's claim that administrative remedies were not pursued because pursuit would have been futile does not excuse this jurisdictional requirement."  *Indus. Constructors*, 15 F.3d at 967.

Furthermore, Plaintiff's failure to file an administrative claim precludes any possibility of successful substitution. Even if the United States could be substituted as the only defendant, substitution would be futile because it would not cure Plaintiff's failure to exhaust administrative remedies. Plaintiff's action is subject to dismissal for "failure first to present a claim pursuant to section 2675(a)," but can be "deemed timely presented under section 2401(b)" upon substitution of the United States "*if* (A) *the claim would have been timely had it been filed on the date the underlying civil action was commenced* and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action." 28 U.S.C. § 2679(d)(5)(emphasis added). Section 2401(b) provides in part that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency *within two years after such claim accrues*." 28 U.S.C. § 2401(b)(emphasis added). Plaintiff's claim accrued no later than upon his release from detention in October 1998. He filed this action in October 2001, three years later. Therefore, Plaintiff's claim would not be timely, even if substitution of the United States were allowed. Neither would leave to amend the complaint to name the United States as defendant under FED. R. CIV. P. 15(c) remedy this fatal jurisdictional defect.

Finding that it lacks subject matter jurisdiction to hear this matter, the Court will not address Defendants' Motion to the extent it addresses venue.

An Order in accordance with this Memorandum Opinion shall be entered contemporaneously.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**